UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DELVERN DURAN,

                                       Plaintiff,         Case # 19-CV-6341-FPG

v.

                                                           DECISION AND ORDER

THE COUNTY OF MONROE, et al.,

                                       Defendants.
_____

## INTRODUCTION

Plaintiff brings this civil rights action under 42 U.S.C. § 1983, the Americans with Disabilities Act ("the ADA"), the Rehabilitation Act, the New York State Human Rights Law ("NYSHRL"), and New York State law against the following defendants: The County of Monroe; Sheriffs Baxter and O'Flynn; Deputy Sheriffs Bailey, Kenney, and Williams; Captains McGowen and VanDuzee; Lieutenants Hayes, Donovan, Leone, and Sarkis; Sergeants Latona, Tumminelli, Willis, and Zimmerman; Corporals Bevilacqua, Farsace, and Zamiara; Deputy Sheriff John Does # 1-15; and Medical Staff Richard Roes # 1-10.

Specifically, Plaintiff brings causes of action for (1) negligent hiring, training, retention, and supervision of employees against Sheriffs O'Flynn and Baxter;[1] (2) denial of his constitutional rights under § 1983 against all defendants; (3) discrimination based on disability under the ADA, the Rehabilitation Act, and the NYSHRL against all defendants; and (4) deliberate indifference to his serious medical needs and failure to treat under § 1983 against all defendants.

Defendants now move to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. ECF Nos.

---

[1] Plaintiff voluntarily dismissed this cause of action. ECF No. 16 at 8. Accordingly, the Court grants Defendants' motion to dismiss this claim.

1

7, 13. For the reasons that follow, Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.

## DISCUSSION

### I. Plaintiff's Amended Complaint

Plaintiff alleges that Defendants acted with deliberate indifference to his medical needs when he suffered epileptic seizures while incarcerated at Monroe County Jail ("MCJ") from May 8 to May 10, 2016. ECF No. 7 ¶ 31. The following facts are alleged in Plaintiff's Amended Complaint.

Plaintiff was incarcerated at MCJ on May 8, 2016 for allegedly driving with a suspended license. *Id.* ¶ 25. Plaintiff informed Defendants of his epilepsy condition when he was medically screened during admission. *Id.* ¶¶ 26, 27. MCJ refused to accept Plaintiff's epilepsy medication when his girlfriend brought it to the jail. *Id.* ¶¶ 29, 30. Plaintiff suffered a seizure while in his jail cell on May 8, 2016. *Id.* ¶ 32. Defendants' attempts to restrain Plaintiff while he was seizing resulted in Plaintiff breaking his toe and suffering head and back injuries. *Id.* ¶¶ 34, 36, 37. Defendants refused Plaintiff's multiple requests for his epilepsy medication and did not give him medical attention. ECF No. 7 ¶¶ 38, 39, 40, 42, 43.

Plaintiff suffered a second seizure on May 9, 2016 while at MCJ for which he was taken to the hospital and given medication. *Id.* ¶¶ 44, 45, 46. While on medical observation at MCJ on May 10, 2016, Plaintiff suffered a third seizure causing him head and arm injuries and to defecate and urinate on himself. *Id.* ¶¶ 49, 53, 54. Defendants refused Plaintiff a change of clothes, requiring him to sit in his own feces and urine, and did not treat his injuries. *Id.* ¶¶ 51, 52, 55.

## II. Legal Standard

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing such a motion, a court "must accept as true all of the factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and "draw all reasonable inferences in Plaintiff's favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. Analysis

### A. *Res Judicata* and Collateral Estoppel

Defendants argue that Plaintiff's Amended Complaint is barred by the doctrines of *res judicata* and collateral estoppel because of a prior state court decision and stipulation of dismissal.

#### 1. Prior State Court Action

On August 4, 2017, Plaintiff filed a complaint in New York Supreme Court regarding the events described above. ECF No. 13-3 at 5-14.[2] Plaintiff alleged claims of medical malpractice,

---

[2] With their motion to dismiss, Defendants submitted the summons, complaint, decision, and stipulation in Plaintiff's prior state court action. ECF Nos. 13-3, 13-4, 13-6. "A court may take judicial notice of matters of public record, including pleadings, testimony, and decisions in prior state court adjudications, on a motion pursuant to Rule 12(b)(6)," and the Court does so here. *Johnson v. Pugh*, No. 11-CV-385 (RRM)(MDG), 2013 WL 3013661, at *2 (E.D.N.Y June 18, 2013) (citing *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000)).

negligence in providing treatment and monitoring, battery, and negligence against Monroe County and ten John Doe sheriffs. *Id.*

The state court ruled that Monroe County did not have *respondeat superior* liability for the sheriffs' actions and dismissed Plaintiff's battery and negligence claims against Monroe County with prejudice. ECF No. 13-4 at 2-8. All claims against the John Doe sheriffs were dismissed with prejudice because the one-year statute of limitations for service of the complaint upon them expired before Plaintiff filed his case. ECF Nos. 13-4 at 7-8; 13-5 at 3.

The state court did not dismiss Plaintiff's claims of medical malpractice or negligence in providing treatment and monitoring against Monroe County. The parties later executed a stipulation of discontinuance with prejudice as to those remaining claims. ECF No. 13-6 at 2.

### 2. Legal Standard and Analysis

The doctrine of *res judicata* provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (applying *res judicata* to § 1983 action). Indeed, a federal court must give the same preclusive effect to a state court judgment "as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Whether the first judgment has preclusive effect on later claims is governed by New York law, which has adopted a transactional approach. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). The transactional approach "bar[s] a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." *Id.* (citation omitted).

*Res judicata* thus bars a party from re-litigating a claim if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. New York City Dep't of Corrs.*, 214 F.3d 275, 285 (2d Cir. 2000).

The doctrine of collateral estoppel provides that "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen*, 449 U.S. at 94. Collateral estoppel thus bars a party from re-litigating an issue when (1) an identical issue was necessarily decided in the prior action and is decisive of the present action, and (2) there was a full and fair opportunity to contest the decision in the prior action. *Burgos*, 14 F.3d at 792 (citation omitted).

With this framework in mind, the Court analyzes whether Plaintiff's claims may proceed in this case.

### a. Monroe County

The Court finds that *res judicata* bars Plaintiff's claims against Monroe County.

First, the state court's dismissal of Plaintiff's claims against Monroe County with prejudice and Plaintiff's subsequent stipulation of dismissal with prejudice were adjudications on the merits for purposes of *res judicata*. *Jefftex Int'l Ltd. v. JPI Trading Corp.*, 369 F. App'x 303, 305 (2d Cir. 2010) ("[T]he New York Court of Appeals has noted that a dismissal with prejudice generally signifies that the court intended to dismiss the action on the merits" (alterations, quotations, and citations omitted)) (summary order); *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (holding that a stipulation of dismissal with prejudice was an adjudication on the merits that barred further federal court proceedings).

Second, Monroe County was a party to the state court action. Third, the claims raised in Plaintiff's Amended Complaint could have been or were raised in the state court action. Plaintiff brought a negligence claim in the state court action and he could have but did not bring claims under § 1983, the ADA, the Rehabilitation Act, and the NYSHRL. *Migra*, 465 U.S. at 84 ("[W]e must reject the view that § 1983 prevents the judgment in petitioner's state-court proceeding from creating a claim preclusion bar in this case."); *see Calhoun ex rel. Children's Rights Initiative, Inc. v. Ilion Cent. Sch. Dist.*, 936 N.Y.S.2d 438, 441 (N.Y. App. Div. 2011) (state trial court was not deprived of jurisdiction over plaintiff's Rehabilitation Act and ADA claims); *Charnoff v. Baldwin Realty Grp., Inc.*, 803 N.Y.2d 17, 2005 WL 1875739, at *2 (N.Y. Sup. Ct. 2005) ("[A]n ADA claim may be commenced in state court or in federal court.").

Because the doctrine of *res judicata* bars this action against Monroe County, the Court need not address Defendants' arguments with respect to collateral estoppel. Accordingly, Defendants' motion to dismiss Plaintiff's Amended Complaint is GRANTED as to Monroe County.

        **b.**     **Defendants Bailey, Baxter, Bevilacqua, Donovan, Farsace, Hayes, Kenney, Latona, Leone, McGowen, O'Flynn, Sarkis, Tumminelli, VanDuzee, Williams, Willis, Zamiara, and Zimmerman**

*Res judicata* does not bar Plaintiff's Amended Complaint against these named defendants because they are not the same parties as, or in privity with, the John Does # 1-10 who were defendants in the state court action.

In *Fabian v. Pappalardo*, the plaintiff sued in federal court under § 1983 for excessive force, denial of medical care, and deprivation of his Fourth and Fourteenth Amendment rights against the City of New York and two New York City police officers identified as "NYPD Police Officers John Does." 395 F. Supp. 3d 257, 261 (S.D.N.Y. 2019). Despite it being clear that the

plaintiff was referring to Officers Pappalardo and Leddy, he never amended his complaint and thus the officers were never named or served. *Id.* The first federal court action was dismissed on summary judgment in the City of New York's favor and the plaintiff filed a second federal court action, pleading the same facts, but now naming Officers Pappalardo and Leddy as defendants. *Id.* at 262.

The court found that where, as here, the officers were never named or served with a complaint in the first action, or in privity with the City of New York, *res judicata* did not bar the subsequent litigation against the officers. *Id.* at 263-65. For purposes of *res judicata*, "[g]overnment officials sued in their official capacities are generally considered to be in privity with the government entity that they serve. . . . The same is not true for government officials sued in their individual capacities." *Id.* at 264 (quotations and citations omitted).

Here, the John Doe defendants in the state court action were never named or served with the complaint. ECF No. 13-4 at 7. Moreover, because the named defendants in this case were all sued in their individual capacities, they are not in privity with Monroe County. The named defendants in this case are therefore neither the same as, nor in privity with, the parties in the state court action. Accordingly, *res judicata* does not bar Plaintiff's claims against the named defendants in this case.

Neither does collateral estoppel. The parties confuse *res judicata* and collateral estoppel by arguing over whether the state court's dismissal on statute of limitations grounds was "on the merits." *See Lynch v. Cook*, No. 02-CV-1526, 2006 WL 839543, at *3 (N.D.N.Y. Mar. 29, 2006) ("Although the cases cited by the Defendants establish that New York considers a dismissal on statute of limitations grounds a final judgment 'on the merits' for res judicata purposes . . . . these cases lead to the conclusion that New York courts would not accord collateral estoppel effect

7

to a statute of limitations dismissal."); *Dolittle v. Ruffo*, No. 88-CV-1175, 1991 WL 43021, at *6 (N.D.N.Y. Mar. 29, 1991) ("The courts which have stated that, under New York law, dismissal on statute of limitations grounds is 'sufficiently close to the merits' to bar a second action have done so only in applying res judicata, or claim preclusion." (citations omitted)).

Rather, the first inquiry is whether the identical issue of Defendants' timely service with a complaint was necessarily decided in the state court action and decisive in this action. The state court was concerned with whether the John Doe defendants had been timely served with a state court complaint pursuant to New York State law; because they had not been timely served, the claims against them were dismissed. This Court is not concerned with timely service of a state court complaint, making collateral estoppel inapplicable here. *See Lynch*, 2006 WL 839543, at *3 (collateral estoppel did not bar a federal court action where a different statute of limitations existed for the claims raised in the prior action).

*Res judicata* and collateral estoppel do not bar Plaintiff's claims against the named defendants sued in their individual capacities. The Court will now analyze the sufficiency of Plaintiff's claims against the remaining named and John Doe defendants.

**B.     Defendants Bailey, Baxter, Bevilacqua, Donovan, Farsace, Hayes, Kenney, Latona, Leone, McGowen, O'Flynn, Sarkis, Tumminelli, VanDuzee, Williams, Willis, Zamiara, and Zimmerman**

**1.     Denial of Plaintiff's Constitutional Rights under § 1983**

Plaintiff's second cause of action is broadly styled as a claim for denial of Plaintiff's constitutional rights under § 1983. Section 1983 imposes civil liability upon any person who, under color of state law, subjects an individual to the deprivation of any rights, privileges, or immunities protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Wimmer v. Suffolk Cty. Police Dep't*, 176 F.3d 125, 137 (2d Cir. 1999). Section 1983 is not itself

8

a source of any substantive rights, but rather is a vehicle by which citizens may seek to vindicate rights conferred elsewhere. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). "[T]o state a civil rights claim under § 1983, a complaint must contain specific allegations of fact which indicate a deprivation of constitutional rights." *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir. 1987). Allegations that amount to "nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983." *Id.*

Here, Plaintiff's second cause of action broadly asserts that all defendants violated his constitutional rights. ECF No. 7 at 13-17. These vague and conclusory statements do not give Defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief"). Accordingly, Plaintiff's second cause of action is DISMISSED as to these named defendants.

### 2. Discrimination Based on Disability under the NYSHRL

Defendants correctly argue that Plaintiff's NYSHRL discrimination claim is time-barred by the statute of limitations. "NYSHRL claims are subject to a one-year statute of limitations." *Figueroa v. Foster*, 864 F.3d 222, 235 (2d Cir. 2017). Because three years elapsed between the relevant incidents and the filing of this action, Plaintiff's NYSHRL claim is time-barred.

Accordingly, Defendants' motion to dismiss Plaintiff's NYSHRL claim is GRANTED as to the named defendants.

### 3. Deliberate Indifference to Plaintiff's Serious Medical Needs and Failure to Treat under § 1983

Defendants only argue that O'Flynn and Baxter cannot be held liable for the actions of their subordinates under this cause of action. Sheriffs can be held liable under § 1983 in their

individual capacities for their negligent acts of failing to adequately train and supervise their subordinates. *Ryan v. Moss*, No. 11-CV-6015P, 2013 WL 956722, at *17 (W.D.N.Y. Mar. 12, 2013) ("Supervisory liability is a concept distinct from municipal liability, and is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision or control of his subordinates" (quotation and citation omitted)).

Because O'Flynn and Baxter have been sued in their individual capacities, Defendants' motion to dismiss is DENIED with respect to the fourth cause of action against them.

## C. John Does # 1-15 and Medical Staff Richard Roes # 1-10 Defendants

Plaintiff's claims under § 1983 are time-barred against the John Doe and Richard Roe defendants.[3] State law governs the statute of limitations for § 1983 actions; in New York, the applicable statute of limitations is three years. *See* N.Y. C.P.L.R. § 214(2); *Owens v. Okure*, 488 U.S. 235, 251 (1989); *Jewell v. County of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990).

Here, the statute of limitations began to run on May 8, 9, and 10, 2016 for each alleged incident, and thus expired three years later, on May 8, 9, and 10, 2019. Plaintiff timely commenced this action on May 7, 2019, but never named the John Doe or Richard Roe defendants, even in his Amended Complaint filed on July 3, 2019. ECF No. 7. A plaintiff generally cannot use John Doe pleadings "to circumvent statutes of limitations because replacing a John Doe with a named party in effect constitutes a change in the party sued." *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993) (internal citations omitted). Thus, John Doe substitutions may only be accomplished when the specifications of Federal Rule of Civil Procedure 15(c) are met, which

---

[3] In his response to Defendants' motion to dismiss, Plaintiff fails to address Defendants' argument that his claims are time-barred against John Does # 1-15 and Medical Staff Richard Roes # 1-10. Plaintiff only argues that Defendants VanDuzee, McGowen, Donovan, Leone, Willis, and Sarkis were all sufficiently identified in his Amended Complaint. Indeed, they are all named in the case caption and the Court considers them to be named defendants. The Court's analysis in this section only applies to the John Does and Richard Roes listed in the case caption.

governs the relation back of amendments. *See Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013); *see* Fed. R. Civ. P. 15(c). Amended pleadings that satisfy Rule 15(c)'s requirements are considered to "relate back" to the date of the original complaint. *Hogan*, 738 F.3d at 517.

Rule 15(c)(1)(A) permits relation back when "the law that provides the applicable statute of limitations allows relation back." A court must examine the "controlling body of limitations law" and apply state law if it provides "a more forgiving principle of relation back than the one provided" by Rule 15(c). *Hogan*, 738 F.3d at 518 (internal quotation marks omitted). The Second Circuit has held that New York law affords a "more forgiving principle of relation back in the John Doe context," *id.*, providing that

> [a] party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

N.Y. C.P.L.R. § 1024. "New York courts have interpreted [§ 1024] to permit John Doe substitutions *nunc pro tunc*." *Hogan*, 738 F.3d at 518-19 (collecting cases).

Under § 1024, a plaintiff must show that he (1) exercised due diligence before the statute of limitations expired to identify the defendant by name; and (2) described the John Doe party in a way that fairly apprised the party that he is the intended defendant. *Id.* at 519 (collecting cases).

The due diligence requirement of § 1024 "is not forgiving," and it is the plaintiff's burden to identify the defendant's name, or at least make a good faith effort to do so. *Barrett v. City of Newburgh*, 720 F. App'x 29, 33 (2d Cir. 2017) (summary order) (citation omitted). "A plaintiff exercising due diligence will take concrete and timely steps to ascertain an officer defendant's identity." *Id.* (citations omitted); *see also Mabry v. N.Y.C. Dep't of Corrs.*, No. 05 Civ. 8133(JSR)(JCF), 2008 WL 619003, at *6 (S.D.N.Y. Mar. 7, 2008) (allowing relation back where

11

the plaintiff "aggressively sought the identities of the defendants"). "[T]o employ the procedural mechanism made available by CPLR 1024, the plaintiff must show that he made genuine effort[s] to ascertain the defendants' identities prior to the running of the Statute of Limitations." *Luckern v. Lyonsdale Energy Ltd. P'ship*, 229 A.D.2d 249, 253 (N.Y. App. Div. 1997) (internal quotation marks omitted).

There is no indication here that Plaintiff exercised any effort to identify the John Doe or Richard Roe defendants. Accordingly, the Court finds that Plaintiff's claims are time-barred against the unnamed defendants, and the Court GRANTS Defendants' motion to dismiss in that regard. The John Doe and Richard Roe defendants will be terminated as parties to this case.

## CONCLUSION

Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. Remaining in the case are Plaintiff's § 1983 claim for deliberate indifference to his medical needs and ADA and Rehabilitation Act claims for discrimination. Monroe County, John Does # 1-15, and Richard Roes # 1-10 are hereby dismissed as defendants from the case. The Clerk of Court is directed to amend the case caption accordingly. By separate order, the Court will refer this case to a magistrate judge for pretrial proceedings.

IT IS SO ORDERED.

Dated: December 2, 2019
    Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court