UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DELVERN DURAN,

                        Plaintiff,        Case # 19-CV-6341-FPG

v.

                                                 DECISION AND ORDER

THE COUNTY OF MONROE, et al.,

                        Defendants.

## INTRODUCTION

Plaintiff brings this civil rights action under 42 U.S.C. § 1983, the Americans with Disabilities Act ("the ADA"), the Rehabilitation Act and the New York State Human Rights Law ("NYSHRL") against the following defendants: The County of Monroe; Sheriffs Baxter and O'Flynn; Deputy Sheriffs Bailey, Kenney, and Williams; Captains McGowen and VanDuzee; Lieutenants Hayes, Donovan, Leone, and Sarkis; Sergeants Latona, Tumminelli, Willis, and Zimmerman; Corporals Bevilacqua, Farsace, and Zamiara; Deputy Sheriff John Does # 1-15; and Medical Staff Richard Roes # 1-10.

On December 2, 2019, the Court issued a Decision and Order granting in part and denying in part Defendants' motion to dismiss the Amended Complaint. ECF No 18. The Court found that *res judicata* barred Plaintiff's claims against the County of Monroe. ECF No. 18 at 5-6. Plaintiff's § 1983 claim for denial of his constitutional rights and Plaintiff's NYSHRL claim were dismissed in favor of the named defendants. ECF No. 18 at 6-9. The Court considered the named defendants to be all the sheriffs, deputy sheriffs, captains, lieutenants, sergeants, and corporals specifically named in the case caption of the Amended Complaint. *See* ECF No. 18 at 10 n.3. In contrast, the Court found that Plaintiff's claims were time-barred against the "John Does # 1-15"

and "Medical Staff Richard Roes # 1-10" that were also listed in the case caption. ECF No. 18 at 10-12.

Remaining in the case after the Court's decision were Plaintiff's § 1983 claim for deliberate indifference to medical needs and Plaintiff's claim for discrimination under the ADA and Rehabilitation Act against the named defendants. Plaintiff and Defendants now bring motions to reconsider the Court's decision on Defendants' motion to dismiss. ECF Nos. 21, 23. The Court assumes the parties' familiarity with the facts of this case as more fully set out in the Court's previous Decision and Order. ECF No. 18 at 2. For the reasons that follow, Plaintiff's motion (ECF No. 21) is DENIED AS MOOT and Defendants' motion (ECF No. 23) is GRANTED.

## DISCUSSION

**I.    Legal Standard**

Federal Rule of Civil Procedure 60 governs relief from a court judgment or order. Fed. R. Civ. P. 60. The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). "A motion for reconsideration should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc.*, 684 F.3d at 52 (citation omitted). Accordingly, a party may not merely offer the same "arguments already briefed, considered and decided" or "advance new facts, issues or

arguments not previously presented to the Court." *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990).

**II. Analysis**

**A. Plaintiff's Motion for Reconsideration**

Plaintiff initially argued that the Court erred in finding that his NYSHRL claim was time-barred under a one-year statute of limitations and that his claim was timely under the applicable three-year statute of limitations for NYSHRL claims brought in court. ECF No. 21-4 at 2. Defendants argue that, while the applicable statute of limitations is three years, Plaintiff's claim is nonetheless barred because Plaintiff failed to timely serve a notice of claim against the county defendants. ECF No. 25 at 4-7.

Plaintiff conceded in his reply memorandum that his NYSHRL claim "against the County defendants in this case was subject to a one-year and 90-day statute of limitations and was thus properly dismissed." ECF No. 26 at 2-3. Accordingly, Plaintiff's motion to reconsider (ECF No. 21) is DENIED AS MOOT.

**B. Defendants' Motion for Reconsideration Under Relation-Back Doctrine**

The Court previously ruled that Plaintiff's claims were barred against the "John Does # 1-15" and "Richard Roes 1-10" still listed in the case caption of the Amended Complaint (filed after the statute of limitations had passed) because they did not relate back to the original complaint. ECF No. 18 at 10-12. Plaintiff's claims were found not to be barred against the individually named defendants listed in the case caption of the Amended Complaint.[1] ECF No. 18 at 8-10. Defendants clarified that their motion to dismiss for failure to timely name John Doe defendants was a motion to dismiss claims only against Defendants VanDuzee, McGowen, Donovan, Leone, Willis, and

---

[1] The Court previously understood Defendants' relation-back argument to apply only to the "John Does # 1-15" and "Richard Roes 1-10" still listed in the case caption of the Amended Complaint.

Sarkis (collectively the "Added Defendants") because their addition to the case caption of the Amended Complaint did not relate back to the original complaint. ECF No. 23-2 at 6-7.

Defendants argue that the case caption change cannot relate back to the original complaint because the Added Defendants did not receive timely notice of the claims against them and there was no mistake of identity. ECF No. 23-2 at 9. Plaintiff argues he sufficiently identified the Added Defendants in the original complaint by attaching the incident reports bearing the Added Defendants' signatures which were "illegible" to him. ECF No. 28 at 3-4. In any event, he argues, he served the Added Defendants within 62 days of the original complaint being filed. ECF No. 28 at 3. The Court agrees with Defendants.

Plaintiff timely commenced this action on May 7, 2019, listing four "John Doe" defendants in the case caption. ECF No. 1. When Plaintiff filed his Amended Complaint on July 3, 2019, after the three-year statute of limitations had passed, the four John Does had been replaced with the Added Defendants. ECF No. 7.

As the Court previously stated, a plaintiff generally cannot use John Doe pleadings "to circumvent statutes of limitations because replacing a John Doe with a named party in effect constitutes a change in the party sued." *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993) (internal citations omitted). Thus, John Doe substitutions may only be accomplished when the specifications of Federal Rule of Civil Procedure 15(c) are met. *See Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013); *see* Fed. R. Civ. P. 15(c).

> Rule 15(c)(1)(C)
>
> allows for an amended pleading to relate back to the date of the original pleading if four conditions are met: "(1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party [knew or] should have known that, but for a mistake of identity, the original action would have been brought against it; and . . . [4] the second and third criteria are fulfilled

> within [the period provided by Rule 4(m) for serving the summons and complaint], and . . . the original complaint [was] filed within the limitations period."

*Ceara v. Deacon*, 916 F.3d 208, 211 (2d Cir. 2019) (quoting *Hogan*, 738 F.3d at 517) (omissions and alterations in original). Regardless of whether timely notice was received, because there was no mistake of identity, the Added Defendants' addition to the case caption does not relate back to Plaintiff's original complaint.

Plaintiff did not file the present action until one day before the statute of limitations expired. ECF No. 1. According to Defendants, Plaintiff received the incident reports on or about November 20, 2018 and emails between Plaintiff's and Defendants' counsel confirm that Plaintiff did not request the names of those who "illegibly" signed the incident reports until May 13, 2019. ECF No. 23-2 at 6; ECF No. 28-2 at 4. Defendants' counsel provided the Added Defendants' names on June 12, 2019 and on July 3, 2019, Plaintiff filed the Amended Complaint which included the Added Defendants' names. ECF No. 7; ECF No. 28-2 at 1.

"[T]he lack of knowledge of a John Doe defendant's name does not constitute a mistake of identity." *Hogan*, 738 F.3d at 518 (quotation and citation omitted). Here, Plaintiff alleges he knew the Added Defendants' names, he just could not read them. This is a distinction without a difference. Plaintiff filed the original complaint one day before the statute of limitations ran and did not ask for clarity of those names until after filing the original complaint despite ostensibly receiving the incident reports six months prior. Plaintiff clearly had the opportunity to clarify the names of the Added Defendants well before filing the original complaint. Attaching an exhibit identifying the Added Defendants, however illegible, does not amount to a mistake of identity such that the addition can be said to relate back. *See Cornwell v. Robinson*, 23 F.3d 694, 705 (2d Cir. 1994) (ruling that there was no mistake of identity when plaintiff failed to name certain defendants in original complaint whose identities she knew, as evidenced by an exhibit attached to the

complaint); *Sherrard v. City of New York*, No. 15-CV-7318 (CM), 2016 WL 1574129, at *4-5 (S.D.N.Y. Apr. 15, 2016) (finding no relation-back of later-named defendants when original complaint was filed one day before statute of limitations expired and plaintiff knew later-named defendants' identities as evidenced by photographs he had of them at the time).

Neither does Federal Rule of Civil Procedure 15(c)(1)(A) save Plaintiff's relation-back argument. *See Berman v. Perez*, No. 17-CV-2757 (JGK), 2018 WL 565269, at *3 (S.D.N.Y. Jan. 14, 2018) (analyzing relation back arguments under both Fed. R. Civ. P. 15(c)(1)(A) and (c)(1)(C)). Rule 15(c)(1)(A) provides that amendments to pleadings will relate back to the original when "the law that provides the applicable statute of limitations allows relation back." As the Court previously stated, when analyzing relation-back under Rule 15(c)(1)(A), a court must examine the "controlling body of limitations law" and apply state law if it provides "a more forgiving principle of relation back than the one provided" by Rule 15(c). *Hogan*, 738 F.3d at 518 (internal quotation marks omitted). The Second Circuit has held that New York law affords a "more forgiving principle of relation back in the John Doe context," *id*., providing that

> [a] party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

N.Y. C.P.L.R. § 1024.

Under § 1024, a plaintiff must show that he (1) exercised due diligence before the statute of limitations expired to identify the defendant by name; and (2) described the John Doe party in a way that fairly apprised the party that he is the intended defendant. *Hogan*, 738 F.3d at 519 (collecting cases). "Courts assess whether a plaintiff engaged in due diligence by evaluating the various steps that the plaintiff could have taken and did in fact take to identify the actual name of

6

the [John Doe] defendants prior to the expiration of the statute of limitations period." *Wilson v. City of New York*, No. 15-cv-07368 (AJN) (KHP), 2017 WL 9538860, at *4 (S.D.N.Y. Apr. 4, 2017). Plaintiff fails, at minimum, to meet the due diligence requirement.

"[A] plaintiff's failure to more timely initiate a § 1983 action in federal court to allow sufficient time to exercise various discovery devices available to litigants in such actions counts against a plaintiff who seeks relief pursuant to § 1024." *Smith v. Baugh*, No. 16 Civ. 906V, 2018 WL 1918283, at *3 (W.D.N.Y. Apr. 24, 2018) (collecting cases). Here, Plaintiff did not file his original complaint until nearly three years after the incidents occurred, which was one day before the statute of limitations expired. ECF No. 1. Counsel chose to file so close to the end of the statute of limitations period despite receiving the incident reports six months prior. There is no indication in the record that Plaintiff attempted to identify the Added Defendants within the statute of limitations period. Plaintiff has not met the due diligence requirement and thus the Added Defendants may not relate back under Rule 15(c)(1)(A). *See Liverpool v. Davis*, No. 17 Civ. 3875 (KPF), 2020 WL 917294, at *9 (S.D.N.Y. Feb. 26, 2020) (no due diligence where plaintiff filed complaint more than two years and ten months after incident); *Sherrard*, 2016 WL 1574129, at *6 (no due diligence where plaintiff filed complaint one day before statute of limitations expired and made no effort to ascertain identities of John Doe defendants within the limitations period despite having photographs of them).

Accordingly, Defendants' motion to reconsider is GRANTED.

## CONCLUSION

Plaintiff's motion to reconsider (ECF No. 21) is DENIED AS MOOT. Defendants' motion to reconsider (ECF No. 23) is GRANTED. The Clerk of Court is directed to terminate Defendants VanDuzee, McGowen, Donovan, Leone, Willis, and Sarkis from this action. As the Court

7

previously ordered, Plaintiff's § 1983 claim for deliberate indifference to his medical needs and ADA and Rehabilitation Act claims for discrimination will go forward against the remaining defendants: Bailey, Baxter, Bevilacqua, Farsace, Hayes, Kenney, Latona, O'Flynn, Tumminelli, Williams, Zamiara, and Zimmerman. By separate order, the Court will refer this case to a magistrate judge for pre-trial proceedings.

    IT IS SO ORDERED.

Dated: March 12, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court